IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

## SHEPPARD WASHINGTON v. CHRISTOPHER BRUN, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. HC25-CV-6     Michael E. Spitzer, Judge**
_____

## No. M2025-00633-CCA-R3-HC
_____

Petitioner, Sheppard Washington, appeals from the Hickman County Circuit Court's dismissal of his petition for a writ of habeas corpus. The habeas corpus court found that Petitioner's request for relief, which was based upon a claim that his sentence had expired, was premature. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Sheppard Washington, Only, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Hans Schwendimann, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

Although the entire procedural history of Petitioner's case is not reflected in his petition and the accompanying documents, we glean from the record that, in 2018, the Madison County Grand Jury indicted Petitioner for two counts of violation of the sex offender registry in Madison County case number 18-193. On September 24, 2019, Petitioner pleaded guilty to both counts, as a persistent offender. Pursuant to a plea agreement, the trial court imposed concurrent sentences of six years with a forty-five

percent release eligibility.[1]  Also pursuant to the plea agreement, the court ordered Petitioner to serve eleven months and twenty-nine days in the county jail, suspended the remainder of the sentence to supervised probation for a period of five years and one day, and ordered that Petitioner's probation be supervised by Madison County Community Corrections (MCCC).  A judgment of conviction in the record reflects that Petitioner received pretrial jail credit for the following periods: from 11/8/2017 to 11/22/2017 and from 7/30/2018 to 4/2/2019.

On August 22, 2022, the trial court entered an Order to Transfer to Probation.  The court found Petitioner had completed all components of his Behavioral Contract Agreement with MCCC, apart from paying court costs and fines; as such, the court ordered that Petitioner be released from supervision by MCCC, and it transferred supervision to state probation for the remainder of his sentence.  On the same day, Petitioner signed a Probation Order with state probation, which indicated that Petitioner's probationary sentence was set to expire on September 25, 2024.

On May 13, 2024, the trial court issued a violation of probation warrant based upon an amended violation of probation affidavit filed by Petitioner's probation officer.  The warrant alleged that Petitioner had been charged with driving under the influence and various drug offenses in April 2024.  Following a June 10, 2024 probation revocation hearing, the trial court found that Petitioner had violated the terms of his probation in a substantial way; the court fully revoked Petitioner's probation and ordered him to serve the original sentence imposed, receiving credit "only for time served in the County Jail . . . for this case."

On February 7, 2025, Petitioner filed a pro se petition for writ of habeas corpus, alleging that he was entitled to relief because his sentence had expired on September 25, 2024.  He attached to his petition various pleadings and documents, including an "ETOMIS" or electronic Tennessee Offender Management Information System, printout that indicated the full expiration date for Petitioner's sentence was July 20, 2029.

In response, the State filed a Motion to Dismiss Petition for Writ of Habeas Corpus, asserting that, contrary to Petitioner's claim, his sentence had not yet expired.  On April 9, 2025, the habeas corpus court granted the State's motion and dismissed the petition, finding that Petitioner's request for habeas corpus relief was premature.  This timely appeal follows.[2]

---

[1] As part of the same plea agreement, Petitioner pleaded guilty to domestic assault in Madison County case number 18-191 and received a sentence of eleven months and twenty-nine days to serve in the county jail.  The trial court ordered case number 18-191 to run concurrently with case number 18-193.

[2] After receiving Petitioner's appellate brief, the State filed a motion to affirm, which this court denied by written order on February 25, 2026. *Washington v. Brun*, No. M2025-00633-CCA-R3-HC, order

## Analysis

On appeal, Petitioner maintains that his sentence has expired and that, as such, the habeas corpus court erred by dismissing the petition. Additionally, Petitioner asserts that the habeas corpus court erred "in not awarding [Petitioner] his credit for time served in a community-based program."

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)).

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)).

A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

Here, the record supports the determination by the habeas corpus court that Petitioner's sentence was not expired. Petitioner pleaded guilty on September 24, 2019, to two counts of violation of the sex offender registry, and the trial court imposed concurrent six-year sentences. The court ordered Petitioner to serve eleven months and twenty-nine days in the county jail and suspended the remainder of the sentence to five years and one day of supervised probation. The record reflects that Petitioner's probationary sentence was set to expire on September 25, 2024. However, in April 2024, Petitioner was charged with driving under the influence and various drug offenses; the trial court issued a

---

at 1 (Tenn. Crim. App. Feb. 25, 2026). In the order, the court requested that the State specifically respond to the claim in Petitioner's brief that the trial court failed to award credit for time he spent on community corrections. *Id.*

probation violation warrant on May 13, 2024, before Petitioner's sentence expired, thereby tolling the expiration of his sentence. *See State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (observing how a probation revocation warrant interrupts the running of a probationary period). Following a hearing on June 10, 2024, the trial court revoked Petitioner's probationary sentence and ordered him to serve the original sentence imposed, receiving credit "only for time served in the County Jail . . . for this case." *See* Tenn. Code Ann. §§ 40-35-310(a), -311(e)(2). It does not appear that Petitioner appealed the trial court's revocation order.

In its discretion, a trial court may grant a defendant credit for time successfully spent on probation, but such an award is not mandatory. *State v. Williams*, 673 S.W.3d 255, 259 (Tenn. Crim. App. 2023) (citing Tenn. Code Ann. 40-35-310(a)); *State v. Carter*, No. M2023-00187-CCA-R3-CD, 2024 WL 4002781, at *5 (Tenn. Crim. App. Aug. 30, 2024), *perm. app. denied* (Tenn. Jan. 24, 2025). On the other hand, credit for time spent on community corrections is mandatory. *See State v. McNack*, 356 S.W.3d 906, 910 (Tenn. 2011) ("Our courts have held that the language of the [community corrections] statute as to sentence credits is mandatory, not discretionary."). Despite Petitioner's claim to the contrary, however, the trial court did not order Petitioner to serve his sentence on community corrections. Instead, the court ordered that his probationary sentence be supervised by community corrections, and this court has repeatedly held that a probationer is not entitled to credit for time served on probation supervised by community corrections. *See, e.g., State v. Marcy*, No. M2018-00540-CCA-R3-CD, 2018 WL 5307889, at *3 (Tenn. Crim. App. Oct. 25, 2018), *no perm. app. filed; State v. Schurman*, No. M2011-01460-CCA-R3-CD, 2012 WL 1657057, at *2 (Tenn. Crim. App. May 10, 2012), *no perm. app. filed*; *State v. Bartlett*, No. M2002-01868-CCA-R3-CD, 2004 WL 1372847, at *2 (Tenn. Crim. App. June 16, 2004), *perm. app. denied* (Tenn. Nov. 15, 2004); *State v. Cole*, No. 02C01-9708-CC-00324, 1998 WL 305375, at *2 (Tenn. Crim. App. June 11, 1998), *no perm app. filed*. Moreover, we note that the ETOMIS printout submitted with the petition indicates that the full expiration date for Petitioner's sentence has not passed.

Because Petitioner failed to establish by a preponderance of the evidence that his sentence was expired, the habeas corpus court properly dismissed the petition. *Archer*, 851 S.W.2d at 164; *Wyatt*, 24 S.W.3d at 322. Petitioner is not entitled to relief.

### Conclusion

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

s/*Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE